**Edward M. ALEXANIAN, Plaintiff-Appellant,**

v.

**NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Defendants-Appellees.**

**No. 490, Docket 76–7338.**

United States Court of Appeals, Second Circuit.

Argued Feb. 23, 1977.

Decided March 30, 1977.

---

* Sitting by designation.

Edward M. Alexanian, appellant pro se.

John Endicott, New York City (Barrett, Smith, Schapiro & Simon, New York City, of counsel), for appellees New York State Urban Development Corporation, Edward Logue, Robert McCabe, John Burnett, David Ozerkis, Joseph Fiocca, William Hayden, Robert Hazen, Robert Germano and Philip Salomine.

Paul E. Konney, New York City (Debevoise, Plimpton, Lyons & Gates, New York City, of counsel), for itself and for appellees Standish F. Medina, Jr. and Joseph H. Schnabel.

Joseph D. Ahearn, New York City (Mele & Cullen, New York, N. Y., of counsel), for appellees Leon D. DeMatteis & Sons, Inc., Alphonse DeMatteis, Allan Howard, Vincent J. Argiro, Nicholas Carozza, Cobra Pile Driving Corp., Arcus Concrete Corp., s/h/a Arcus Construction Co., The Dic Concrete Corporation, s/h/a Dic Concrete Corp., and Dic-Underhill, a joint venture s/h/a Dic-Underhill Co.

Glabman, Rubenstein, Reinb, Reingold & Rothbart, P. C., Brooklyn, N. Y., for appellee Pascap Co., Inc.

Before MANSFIELD, VAN GRAAFEILAND, Circuit Judges, and CARTER, District Judge.*

PER CURIAM:

The district court dismissed the 293-paragraph complaint in this *pro se* action on the ground that "the allegations do not make out any judiciable cause of action," from which plaintiff has appealed.

* Of the United States District Court for the Southern District of New York, sitting by designation.

Having examined the excessively prolix pleading in the light most favorable to the *pro se* plaintiff, as we are required to do, see *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we agree for the most part with the district court's disposition. The plaintiff apparently does not understand that federal courts, unlike state courts of general jurisdiction, are courts of limited jurisdiction. However, buried in the mass of allegations there are two federally-cognizable claims. The first is the allegation that Warden Reiner of the New York County Jail, West 37th Street, New York City (apparently meaning the old Civil Jail), where plaintiff was incarcerated for 32 days, confiscated plaintiff's money and personal possessions, refusing to return them to plaintiff when he was released on December 22, 1972. This would state a claim against Reiner, who allegedly acted under color of state law, for deprivation of property in violation of Title 42 U.S.C. § 1983, see *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), over which federal courts have jurisdiction, see 28 U.S.C. § 1343(3).

The plaintiff's other claim over which federal jurisdiction may be invoked is that after one John Doe, driving a green Cadillac, struck the plaintiff and plaintiff called a city policeman to the scene, the policeman, acting in collaboration with John Doe, caused plaintiff to be arrested and taken to the police station, where he was threatened that, unless he withdrew his charges against the driver, charges would be pressed against him for jumping on the hood of the Cadillac. These allegations state a claim against the policeman as a person acting under color of state law for deprivation of freedom without due process in violation of § 1983, see *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 ,1967), and against the driver collaborating with the officer acting under color of state law, see *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Canty v.*

*City of Richmond*, 383 F.Supp. 1396 (E.D. Va.1974).

Accordingly we affirm the order of the district court in all respects but without prejudice to the plaintiff's right to file an amended complaint limited to the foregoing specific claims and to the three individuals who allegedly acted under color of state law.