David R. FERRANTI, Plaintiff-Appellant,

v.

John J. MORAN et al.,
Defendants-Appellees.

No. 79–1252.

United States Court of Appeals,
First Circuit.

Argued March 12, 1980.

Decided April 18, 1980.

---

Jeffrey J. Zellers, Boston University Law Student, with whom John Leubsdorf, Associate Professor of Law, Boston, Mass., Court appointed counsel, and Conrad J. Cendrowski, Robert J. Coughlin, and Kim Steedley, Boston University Law Students, were on brief, for plaintiff-appellant.

Paul L. Foster, Cranston, R. I., for defendants-appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

David Ferranti is an inmate at the Rhode Island Adult Correctional Institution. In late 1978 and early 1979, he filed two *pro se* complaints under 42 U.S.C. § 1983, complaining of various alleged instances of mistreatment at the hands of prison officials and seeking both injunctive relief and damages. Named as defendants were certain administrative and medical personnel at the prison. On May 7, 1979, prior to any hearing, the district court dismissed both complaints without prejudice for failure to state a claim under section 1983, from which decision Ferranti now appeals. We reverse and remand for further proceedings.

The appellant's *pro se* pleadings, although unpolished, are readily decipherable in most respects. In his first complaint, filed on December 1, 1978, and supplemented by a "Plaintiff's Questionnaire" three weeks later, appellant sets forth four distinct series of allegations. First, he asserts that he has been improperly confined in maximum security for the length of his incarceration— then seven months—and has been denied the right to obtain a review of his status by a classification board. Second, he complains of back and spinal injuries stemming from an accidental fall in prison and alleges that the medical staff has not only provided him with inadequate treatment, but prevented him from visiting a back specialist at a neighboring hospital. As a result, he continues to suffer from back pain, headaches, dizziness and an inability to sleep. The third series of allegations complain of

interference with his ability to obtain legal assistance; he contends that prison officials have tampered with his legal mail and have barred him from bringing personal papers to his consultations with attorneys. Finally, appellant seeks redress for the destruction of his radio by a prison guard.

Appellant's second complaint reiterates many of the allegations recited above but, when read in conjunction with an affidavit filed two weeks later, also advances two new series of contentions. First, he supplements his allegation of improper medical treatment with an ambiguous suggestion that, following his initial visits with the prison doctors, he was denied all treatment and medication for his injuries. Second, appellant cites to several actions of prison officials—viz., the continuation of his maximum security classification, the denial of permission to consult an outside back specialist, and incidents of harassment by the medical staff—and characterizes them as acts of retaliation for his earlier lawsuit.

■ In reviewing the dismissal of a pro se complaint for failure to state a claim, we must construe it liberally, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and consider the allegations—which we take as true, Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964)—in the light most favorable to the plaintiff. Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976). Dismissal is warranted "only if plaintiff is not entitled to relief under any set of facts he could prove." Id., citing Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim. Leonardo v. Moran, 611 F.2d 397, 398 (1st Cir. 1979).[1]

■ We are inclined to concur with the lower court's dismissal of appellant's allegation that the inattention of prison doctors to his medical needs constituted cruel and unusual punishment proscribed by the eighth amendment. Under the two-pronged standard enunciated in Estelle, a cognizable eighth amendment claim must allege serious medical needs and "deliberate indifference" on the part of prison officials toward those needs. 429 U.S. at 104, 97 S.Ct. at 291. We do not dispute the seriousness of appellant's references to continuing "great" back pain, "violent" headaches, dizziness and an inability to sleep. Compare Corby v. Conboy, 457 F.2d 251, 254 (2nd Cir. 1972) (alleged denial of treatment for "serious nasal problem" states 1983 claim). But an examination of the pleadings indicates that appellant's challenge focuses upon the quality[2] and the source[3] of the medical

1. Appellant failed to argue the issue of his security classification on appeal—presumably because, as we are informed, he has now been transferred into minimum security. In passing, we note our agreement with the district court's conclusion that appellant's substantive challenge to his maximum security status failed to state a claim cognizable under section 1983. Because of the wide-ranging deference normally accorded the decisions of prison administrators, see, e. g., Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 126, 97 S.Ct. 2532, 2538, 53 L.Ed.2d 629 (1977); Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974), federal courts are "extremely reluctant" to limit the discretion of prison officials to classify prisoners as they deem appropriate. McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir.), cert. denied, 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86 (1975). Specifically, we have noted that "[t]here is no federally-protected right to a particular classification nor even to an error-free decision by the state authorities." Palmigiano

v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974). We need not dwell on appellant's contention that the denial of a timely review of his status contravened state law—an argument which the district court dismissed as meritless—nor need we address the state's assertion that classification decisions implicate no liberty interest of inmates. It suffices to note that appellant's sparse pleadings on this score fail to make out "the unusual case . . . which might give rise to a supportable claim of constitutional deprivation." Id.

2. See App. 3 ("denied me any suffsient [sic] med treatment"); id. at 4 ("denied adquete [sic] medi treatment"); id. ("not given correct med."); id. at 8 ("denied prober [sic] medical treatment"); id. at 15 ("dening [sic] me my proper medical treatment") (emphasis added).

3. Appellant in his complaints repeatedly voices a desire to be seen by a Dr. Vinzenzo Rosignoli, reportedly a back specialist located in Providence, Rhode Island.

treatment received. Rather than evidencing "deliberate indifference" to his medical needs on the part of the prison medical staff, these allegations simply reflect a disagreement on the appropriate course of treatment. Such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation. *See, e. g., Estelle v. Gamble,* 429 U.S. at 105–06, 97 S.Ct. at 291–292; *Page v. Sharpe,* 487 F.2d 567, 569 (1st Cir. 1973).

Counsel for appellant points to a pair of statements in the pleadings and argues therefrom that appellant has alleged a complete denial of medical treatment. Those statements, contained in appellant's affidavit, read: "Was seen severeal [*sic*] times for proper treatment of this said injurie [*sic*] and was there fore [*sic*] denied any treatment by Dr. B. Thomas and L. Vitto Prison [*sic*] doctors. Was also denied any medication and outside treatment by A [*sic*] back M.D. expert." If construed as suggested, these allegations would give us considerable pause, for the denial of all treatment for a painful back injury would strongly suggest an attitude of deliberate indifference. On the other hand, the numerous complaints of *improper* medical treatment, *see* note 2 *supra,* together with the ambiguity of the statements quoted above, militate against the construction proffered by counsel. But because we are remanding this case on other grounds, we see no reason to attempt to decipher this language; any grounds which appellant might have for alleging a complete denial of medical care can be incorporated, in a less ambiguous fashion, by an amended complaint prior to any evidentiary hearing.

▮ Appellant's third allegation is that a prison guard "unlawfully and viciously" took his radio and "knowingly destroy[ed]" it "for no legit[imate] reason." It is well-established that a civil rights action under section 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), will lie for a claimed deprivation of personal property without due process, *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113,

31 L.Ed.2d 424 (1972); *see, e. g., Alexanian v. New York State Urban Dev. Corp.,* 554 F.2d 15, 17 (2d Cir. 1977); *Carter v. Estelle,* 519 F.2d 1136, 1136–37 (5th Cir. 1975), irrespective of the value of such property. *E. g., Russell v. Bodner,* 489 F.2d 280, 281 (3d Cir. 1973) (seven packages of cigarettes). The district court, citing to *Bonner v. Coughlin,* 545 F.2d 565 (7th Cir. 1976), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978), determined that the challenged conduct did not rise "to the level of wilful, reckless, or intentional conduct required" in claims of this nature. We disagree. That the guard is alleged to have acted "viciously" and "knowingly" suffices to support a conclusion—not simply that he acted negligently, an allegation rejected in *Bonner* as adequate grounds for a 1983 claim—but rather that the guard's action was "either intentional or in reckless disregard of [appellant's] constitutional rights." *Id.* at 567. Accordingly, dismissal for failure to state a claim is inappropriate.

Appellant's final series of allegations, complaining of both interference with his ability to secure legal assistance and retaliation for his initial attempt to obtain legal redress, were not addressed by the district court. The Supreme Court repeatedly has recognized and protected the constitutional right of inmates to reasonable, effective access to the courts, *e. g., Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Ex parte Hull,* 312 U.S. 546 (1941), along with the corollary right to reasonable assistance of counsel, *e. g., Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Civil rights actions and habeas petitions are both encompassed by these safeguards. *Wolff v. McDonnell,* 418 U.S. 539, 579–80, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). Pursuant to this line of authority, we have endeavored both to ensure the availability of effective professional representation for inmates, *e. g., Nolan v. Scafati,* 430 F.2d 548, 550–51 (1st Cir. 1970), and to preclude or redress any attempts on the part of prison officials to punish or deter an inmate's exercise of his right of access, *e. g.,*

*McDonald v. Hall,* 610 F.2d 16, 18–19 (1st Cir. 1979); *Furtado v. Bishop,* 604 F.2d 80, 89 (1st Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980).

■ Appellant alleges that, in response to the filing of his first lawsuit, he was denied a timely transfer to minimum security, denied permission to consult an outside specialist for his back injuries, and harassed by the medical staff.[4] These allegations are unaccompanied by any supporting factual recitations. However, as we observed in *McDonald,* a retaliatory state of mind typically is not susceptible to proof by direct evidence that can be averred in a complaint. 610 F.2d at 18. Here, an inference of retaliation is warranted from the chronology of events recited, *see id.,* and from the allegation that appellant's first suit complains of prison conditions and is directed at prison officials. *Compare Leonardo v. Moran,* 611 F.2d 397, 398 (1st Cir. 1979) (uncertainty as to nature and object of inmate's prior lawsuit required dismissal of retaliation claim). In addition, appellant alleges two acts of interference with his ability to obtain legal assistance: a "tampering" with his legal mail and a prohibition, of unknown duration, on his bringing personal papers to his consultations with attorneys. Again, these are bald assertions, devoid of factual explication. But whether they alone make out a cognizable claim is a matter we need not decide. Viewing these separate allegations of retaliation and interference together, *see Russell v. Oliver,* 552 F.2d 115, 116 (4th Cir. 1977), we think they suffice to state a claim of constitutional deprivation under section 1983. Without intimating any view on the merits, we conclude that dismissal on the pleadings was inappropriate.

*Reversed in part and remanded for further proceedings.*

---

4. Our determination above that appellant's substantive challenges to his security status and medical treatment are without merit does not, of course, negate his claim of retaliation; actions otherwise supportable lose their legitimacy if designed to punish or deter an exercise of constitutional freedoms. *McDonald v. Hall,* 610 F.2d at 18.