Kenneth E. McEACHERN, Plaintiff,

v.

Benjamin CIVILETTI, United States Attorney General, Washington, D.C.; Dennis M. Luther, Warden, Metropolitan Correctional Center, Chicago, Illinois; and Thomas Gora, Hospital Administrator, Metropolitan Correctional Center, Chicago, Illinois, Defendants.

No. 80 C 0946.

United States District Court,
N. D. Illinois, E. D.

Dec. 4, 1980.

Kenneth E. McEachern, pro se.

Maryanne Mason, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Kenneth E. McEachern, brings this pro se complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1332, 1361, 1651, and 2241 seeking monetary, declaratory, and injunctive relief for the alleged violation of his federal constitutional rights under the eighth amendment. The Court finds jurisdiction of this action under 28 U.S.C. § 1331. *See Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Before the Court is the motion for summary judgment of defendants, Dennis M. Luther, Warden at the Metropolitan Correctional Center, Chicago, Illinois ("MCC") and Thomas Gora, Hospital Administrator at MCC.[1] For the reasons that follow, the motion is granted.

Plaintiff contends that defendants have subjected him to cruel and unusual punishment by failing to provide him with proper medical care during two separate periods of confinement at MCC. According to the complaint, plaintiff was suffering from a stasis ulcer on his left leg and conditions previously diagnosed as premature ventricular contractions of the heart and chronic thrombophlebitis when he was initially committed to MCC on August 15, 1979. Two weeks after his arrival at MCC plaintiff was taken to the Cook County Hospital for "extensive emergency treatment." When doctors at Cook County informed plaintiff that they could do nothing further to improve his condition, plaintiff attempted to escape, allegedly to seek out better–qualified physicians. Following the escape attempt on September 25, 1979, plaintiff was returned to MCC.

Plaintiff remained at MCC until October 28, 1979, when he was transferred by van to the United States Penitentiary at Terre Haute, Indiana. On two occasions prior to his transfer, plaintiff directed written requests to defendant Gora complaining of the inadequacy of his current medical treatment and requesting examination by a qualified physician. Plaintiff directed a similar written request to defendant Luther on October 6, 1979. On October 12, 1979, plaintiff submitted a request for a transfer to a federal medical facility to Gora. Plaintiff alleges that each of these requests were ignored.

On December 19, 1979, plaintiff was returned to MCC. Between December 23, 1979, and January 14, 1980, plaintiff submitted four more requests to Gora, two complaining of improper medical treatment and two requesting transfer to a federal medical facility. Plaintiff alleges that these requests too were ignored. On January 23, 1980, plaintiff learned that he was scheduled for transfer to the Federal Correctional Institution at El Reno, Oklahoma. Two days later, he instituted administrative proceedings to avoid being transferred by bus on the grounds that such a transfer was "contra–indicated" by his medical condition. Defendants denied plaintiff's request for administrative relief on February 19, 1980,

---

1. The third defendant named in the complaint, Benjamin Civiletti, was dismissed from the action by court order dated July 24, 1980.

and plaintiff was sent to Terre Haute by bus on February 29, 1980. He is currently confined at the F.C.I., El Reno.

Defendants' motion for summary judgment is supported by an affidavit from Gora, attached to which are the medical records maintained on plaintiff during his confinement at MCC. Gora states in his affidavit that, in addition to the month plaintiff spent in the hospital undergoing evaluation for his heart condition, plaintiff was examined and treated by five doctors on ten separate occasions at MCC. Plaintiff's medical records further indicate that physician's assistants routinely cared for and administered medication to plaintiff on a regular basis and that on February 1, 1980, a physician sanctioned plaintiff's transfer by bus with the proviso that plaintiff be permitted to keep his leg elevated during the journey. Defendants contend that the affidavit and medical records belie plaintiff's allegations and establish that plaintiff was afforded frequent and extensive treatment throughout the duration of his stay at MCC.

■ In order to prevail on an eighth amendment claim challenging the adequacy of medical treatment, plaintiff must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Allegations of negligence or mere inadvertence will not suffice under the deliberate indifference standard. A prisoner must show intent either to deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. *Id.* at 104–105, 97 S.Ct. at 291–92. Viewing the record in the light most favorable to plaintiff, the Court cannot find that defendants acted with the deliberate indifference required by the constitutional standard enunciated in *Estelle.*

■ Plaintiff does not allege, nor does the record reflect, that defendants acted in such a way as to deny or delay his access to medical treatment. The requests which plaintiff directed to defendants complained not of a denial of medical care, but of the incorrectness of the treatment prescribed for him. Prison medical officers have broad discretion to determine the nature and character of medical treatment afforded to inmates. *Thomas v. Pate*, 493 F.2d 151, 157 (7th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment provided is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Id.* at 158; *see also Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980); *Bass v. Sullivan*, 550 F.2d 229, 232 (5th Cir.), *cert. denied*, 434 U.S. 864, 98 S.Ct. 195, 54 L.Ed.2d 138 (1977).

■ The Court need not decide, however, whether plaintiff's prescribed treatment was "blatantly appropriate." Gora and Luther are prison administrators, not licensed medical practitioners. Lacking the requisite expertise, they must necessarily place their confidence in the reports of the prison doctors whenever an inmate disputes a medical opinion as to what treatment is necessary and proper. Defendants here clearly deferred to the professional medical judgment of the doctors attending plaintiff with respect to both the propriety of his treatment and the lack of any medical necessity for making special transportation arrangements to accomplish his transfer to another correctional facility. Defendants' reliance upon the opinion of their medical staff as to the proper course of treatment for plaintiff is sufficient to insulate them from any liability under the eighth amendment. *See McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977).

Accordingly, defendants' motion for summary judgment is granted and this action is dismissed. It is so ordered.