USCA1 Opinion

 

 June 26, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1092 MARK R. CUGINI, Plaintiff-Appellant, v. DONALD R. VENTETUOLO, ET AL., Defendants-Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Mark R. Cugini on brief pro se. ______________ Michael B. Grant on brief for appellees. ________________ ____________________ ____________________ Per Curiam. Appellant Mark R. Cugini appeals from __________ the dismissal of his complaint in which he sought to hold various officials of the Rhode Island Department of Corrections (DOC) in contempt of the consent decree entered in Morris v. Travisono, 310 F.Supp. 857 (D.R.I. 1970) ______ _________ (referred to as the Morris Rules). Cugini amended his complaint to state a cause of action for deprivation of his civil rights and requested damages and an injunction. Cugini claims that his rights to due process and equal protection, and his right to be free from cruel and unusual punishment were violated when he was denied a change in classification status. As a result of this, Cugini states, he was denied parole. Because Cugini appears pro se, we construe his ___ __ complaint liberally. See Haines v. Kerner, 404 U.S. 519 ___ ______ ______ (1972) (per curiam); Ferranti v. Moran, 618 F.2d 888, 890 ________ _____ (1st Cir. 1980). We also take as true all of Cugini's factual allegations and draw from them all reasonable inferences. Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. ____ __________ 1991). I. FACTS Cugini's pleadings reveal the following series of events. In February 1985, Cugini began serving concurrent sentences of three and twelve years (Cugini does not specify the crime or crimes for which he was convicted). He was classified as a medium security risk. As such, he was not entitled to participate in work-release programs. Cugini first appeared before the Parole Board on May 25, 1989. At this time, parole was denied on the ground that Cugini had not yet moved "through the prison system." This apparently refers to the fact that Cugini had not attained minimum security status and the accompanying eligibility for work- release programs. On June 27, 1989, Cugini appeared before the Classification Board. At this time, the Board denied a change to minimum status. Accordingly, Cugini was ineligible for work release. The Board based its decision on the nature of the crime and a minor institutional infraction. However, in November 1989, the Classification Board recommended such a change. Nonetheless, the Director of the DOC rejected the Board's recommendation on the basis of the nature of the crime. When Cugini appeared before the Parole Board for the second time on November 20, 1989, parole again was denied because Cugini had not moved through the system. In February and August 1990, the Classification Board again recommended that Cugini be reclassified to minimum status. On both occasions, the Director rejected the Board's recommendation and denied a change in classification. On November 21, 1990, the Parole Board denied parole for the same reason as before. Despite the Parole Board's -3- requirement that Cugini begin work release before it would consider him parole-eligible, the Classification Board, in December 1990, refused to change Cugini's classification status based solely on the nature of his crime. Cugini asserts that the denial of minimum status and work-release status was not in compliance with the Morris Rules, that other similarly situated inmates were granted such status, and that the lack of sufficient rehabilitation programs for medium status prisoners relegated Cugini to a vegetative state which amounted to cruel and unusual punishment. Cugini first argues that the classification portion of the Morris Rules creates a liberty interest which the United States Constitution protects. Thus, he concludes, by considering a criterion -- the nature of the offense -- that is not among the factors the Classification Board is permitted to examine by regulation, the Board violated his due process rights. Also, Cugini argues that he has a liberty interest in being able to pursue parole and that by denying him a change in classification, the Classification Board deprived him of this right. Finally, Cugini states that due to the mandatory language of the parole statute and the classification regulations, he has "a right protectible under the constitution . . . to a classification which will enhance his rehabilitation that being . . . to be classified to a lesser security [and] minimum/work release." -4- II. DISCUSSION A. Due Process ___________ It is important to note that this is not the usual case concerning due process. Cugini does not complain that procedures such as notice and hearing were lacking. Rather, he is arguing that otherwise adequate procedures were applied in an impermissible way. His case reduces to a claim that the Classification Board and the Director erred in resting the decision not to reclassify Cugini on the basis of the nature of his crime. For this proposition, Cugini refers to a DOC Administrative Policy Statement, No. 1.19.01, Part VI, which provides, in relevant part, as follows: C. If an inmate is being considered for transfer from Medium to Minimum Security, the following criteria will be utilized: 1. If he has a sentence not in excess of ten (10) years, he must have served three (3) months in Medium and have served at least one-tenth (1/10) of his total sentence. 2. If he has over a ten (10) year sentence (not lifers with more than a thirty (30) year sentence), he must have served six (6) months in Medium -5- Security and be within four (4) years or less of parole eligibility. . . . . 4. If his program needs can be met in Minimum Security. 5. He must have exhibited positive attitudes towards institution rules and regulations and has shown no serious behavioral adjustment problems during his time in Medium. Cugini argues that the use of the word "will" requires prison officials to consider only the listed factors. The reliance on the nature of the crime for which he was convicted, Cugini maintains, violates his liberty interest in attaining parole. We need not address whether, and to what extent, Cugini's due process rights were violated to resolve his claim. Attached to Policy No. 1.19.01 is a document entitled "Classification/Re-Classification Criteria: Revised Explanation of Classification Criteria." This statement "further defines various criteria and terminology used in this policy statement." Item IV refers to pertinent sentencing data and list as a relevant inquiry "what is his crime(s)?" Thus, contrary to Cugini's assertion, the Classification Board and the Director did not go beyond the limits set forth in this policy statement. -6- Indeed, even if the Classification Board had erred in applying the classification standards, we have held that "it will be the unusual case, involving marked departure by state officials therefrom, which might give rise to a supportable claim of constitutional deprivation." Palmigiano __________ v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974). To make such a ______ case, an inmate would need to show "with convincing particularity some likelihood either that the defendants disregarded Morris procedures" or else that his ______ classification decision was made "for reasons utterly beyond the scope of any legitimate authority." Id. Cugini's claim ___ under this standard necessarily fails. B. Equal Protection ________________ Cugini's assertion that inmates with worse records than his and inmates with similar records were given minimum security classification is conclusory in nature. Aside from this bare allegation, there is nothing in the record to support this claim. See Slotnick v. Staviskey, 560 F.2d 31, ___ ________ _________ 33 (1st Cir. 1977) (pro se complaint cannot survive a motion ___ __ to dismiss unless it refers to material facts to back up allegations), cert. denied, 434 U.S. 1077 (1978). We have _____________ made clear that despite the liberal reading of pro se ___ __ pleadings required by Haines, even pro se plaintiffs must ______ ___ __ plead specific facts concerning claims of civil rights violations. See Glaros v. Perse, 628 F.2d 679, 684 (1st Cir. ___ ______ _____ -7- 1980). If supportive facts are missing, it is not the place of the courts to supply them. Hurney v. Carver, 602 F.2d ______ ______ 993, 995 (1st Cir. 1979). C. Eighth Amendment ________________ This claim does not meet the standard set forth in Wilson v. Seiter, 111 S.Ct. 2321 (1991). The Supreme Court ______ ______ held in Seiter that to make out an Eighth Amendment claim an ______ inmate must establish that prison officials acted with deliberate indifference. Id. at 2326-27. "Deliberate ___ indifference is conduct that offends evolving standards of decency in a civilized country." DesRosiers v. Moran, 949 __________ _____ F.2d 15, 18 (1st Cir. 1991). Cugini's assertion that after taking advantage of all the rehabilitation and education services available to medium security inmates he was left to exist in a "vegetative state" falls far short of this standard. See Rodi, 942 F.2d at 29 n.8 (actionable claim ___ ____ under Eighth Amendment not stated by bare claim that prisoner's return to maximum security after disciplinary segregation caused him harm). CONCLUSION __________ Treating Cugini's complaint as a motion for contempt, it is plain that the complaint fails to state a claim upon which relief may be granted -- simply, prison officials did not disregard the Morris Rules or Administrative Policy Statement No. 1.19.01. Even treating -8- Cugini's complaint as a 42 U.S.C. 1983 action, he fails to state a claim for the reasons stated above. Accordingly, the judgment of the district court is affirmed. ________ -9-