972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony D. FIGUEROA, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Ronald Pryhorocki, et al.,
Respondents-Appellees.
 No. 91-35754.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Aug. 25, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Figueroa is a federal prisoner incarcerated at the Washington State Penitentiary. He has appealed pro se from an order of the district court granting summary judgment of dismissal on motion of the defendants. We affirm for the reasons given by Magistrate Judge Hovis in his order of May 21, 1991.
 
 
 3
 The court rejected its concern that Figueroa might need the assistance of counsel. The court observed that the "plaintiff has continued to show an adequate ability to articulate his claims and has further exhibited his ability to follow legal procedure."
 
 
 4
 The plaintiff alleged that he was diabetic and sought care at the prison infirmary for an adverse insulin reaction. Pryhorocki, a registered nurse, was the only medical staff member on duty and was examining and treating other inmates suffering from severe pains at the time Figueroa arrived seeking medical care.
 
 
 5
 The nurse took appropriate tests, found no serious abnormality, and concluded that Figueroa's condition was not a medical emergency. Figueroa continued to argue and was cited for intentional interference with a staff member in the performance of his duties.
 
 
 6
 The plaintiff alleged that Pryhorocki and Blodgett, the prison superintendent, acted with deliberate indifference to Figueroa's serious medical needs. He showed no personal involvement by defendant Blodgett and the claim against that defendant was appropriately dismissed.
 
 
 7
 Dismissal of defendant Pryhorocki was also proper because no facts had been asserted that showed deliberate indifference by him.
 
 The district court observed:
 
 8
 Challenges focused upon the quality and source of medical treatment do not reflect deliberate indifference. At most such allegations 'reflect a disagreement on the appropriate course of treatment'. Ferranti v. Moran, 618 F.2d 888 (1st Cir.1980).
 
 
 9
 There was no merit to Figueroa's retaliation claim. His complaint contained only bare allegations. Compare Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989) (prisoner supported alleged facts with affidavits).
 
 
 10
 Furthermore, Pryhorocki's discipline of Figueroa was reasonably related to the prison's interest in ensuring that medical staff are available to provide routine care and respond to emergencies. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); Turner v. Safley, 482 U.S. 78, 89 (1986).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3