Roger BIEROS, Plaintiff,

v.

Police Chief NICOLA, et al., Defendants.

No. 93–CV–4485.

United States District Court,
E.D. Pennsylvania.

Dec. 9, 1993.

Roger Bieros, pro se.

Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This action involves a *pro se* complaint brought by plaintiff, Roger Bieros, an inmate, alleging violations of his civil rights by defendants pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, as well as violations of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997d. Defendants consist of the Chief of the Bridgeport Police Department, six police officers, four attorneys in the Montgomery County Public Defender's Office, the Chief Probation Officer for Montgomery County and a probation officer in charge of pre-sentence reporting.[1] Plaintiff's allegations stem from the events surrounding his arrest to subsequent conviction on assault charges, for which he is now incarcerated at the state correctional institution in Graterford, Pennsylvania.

---

**1.** On August 31, 1993, this Court dismissed the claims against the District Attorney of Montgomery County as well as two assistant district attorneys of Montgomery County on the ground that the claims were legally frivolous.

Presently before the Court is a motion to dismiss the complaint brought by defendants Hamel and Samodelov, as well as a second motion by defendants Gerber, Glammer, Armstrong and Dickerson to dismiss portions of the complaint, requesting a more definite statement with regard to the section 1983 and 1985 claims, as well as a request to stay the proceedings during the pendency of plaintiff's appeal of his conviction in state court. For convenience, we will discuss each motion in turn.

## I. Motion to dismiss

Defendants Hamel and Samodelov move to dismiss the complaint against them on the basis that the complaint fails to state a claim for which relief can be granted. Defendants, both probation officers for the Court of Common Pleas of Montgomery County, argue that the plaintiff fails to allege a course of action against them in that they are not named in any of the three counts included in the complaint, whereas the complaint specifically states a prayer for relief against other defendants in each of the three counts. Defendants further argue that even if a liberal reading of the complaint is afforded the plaintiff, section 1983 is not applicable because of the absolute immunity granted to them. They also argue that section 1985 is inapplicable because plaintiff has not set out any facts showing that a conspiracy occurred, that plaintiff has failed to bring his claim under section 1986 within the one year time frame designated in the statute, and that plaintiff's claim under section 1997d also fails because there are no facts showing that plaintiff ever reported any prohibited conduct as required by the statute. For the reasons stated more fully below, we will grant defendants' motion to dismiss.

## A. Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method in which to challenge the legal sufficiency of a claim. *See United States v. Marisol, Inc.*, 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Hough/ Loew Assoc., Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988). However, a court must construe *pro se* complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys. *Blassingale v. Administration at Suburban Gen. Hosp.*, No. CIV.A. 93–2601, 1993 WL 451491, at 1 (E.D.Pa. Nov. 3, 1993) (citations omitted); *Orrs v. Comings*, No. CIV.A. 92–6442, 1993 WL 418361 at 1 (E.D.Pa. Oct. 13, 1993) (citations omitted).

It is true that plaintiff has not included defendants in any of the three counts seeking relief from the other defendants in the complaint. In fact, plaintiff's only mention of defendants, other than stating their occupations and state of residency, is that they "knowingly used false information to compile the pre-sentence report that was submitted to the court prior to plaintiff's sentencing." Complaint, para. 32. Thus, the issue before us is whether we can construe the complaint as stating a claim against defendants for the above violations in light of this allegation.

## B. Section 1983

Defendants first argue that the complaint fails to state a claim against them under section 1983 because of the absolute immunity afforded to probation officers from civil suits for acts occurring while they are carrying out their official duties. However,

this argument fails for two reasons. First, it is not clear that probation officers are entitled to absolute immunity. Rather, they are entitled to absolute immunity only if their acts which are the subject of the lawsuit occurred when they were engaged in adjudicatory duties; otherwise, if their acts occurred when they were engaged in executive or administrative duties, then they are only entitled to a qualified, good-faith immunity. *Wilson v. Rackmill,* 878 F.2d 772, 775 (3rd Cir.1989); *Harper v. Jeffries,* 808 F.2d 281, 284 (3rd Cir.1986) (citing *Thompson v. Burke,* 556 F.2d 231, 236–38 (3rd Cir.1977)). A qualified immunity only protects defendants if it can be shown that they did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known. *Harper,* 808 F.2d at 284.

▪ In this case, defendants' actions apparently consisted of gathering information in order to prepare the pre-sentence report. It appears that the defendants were engaged in an executive or administrative capacity, rather than in an adjudicative capacity, thus entitling them only to qualified immunity. *See Wilson,* 878 F.2d at 776 (parole officers who investigated allegations of parole violations, typed up a warrant application for plaintiff's arrest and assisted in initiating a criminal investigation only performed executive duties); *Harper,* 808 F.2d at 284 (probation officer who charged appellant with parole violations and presented evidence to parole board of such wrongdoing, in addition to his general duties, performed executive duties).

▪ Second, "since good faith is a matter of defense, the determination of that issue as to each defendant must also await proceedings beyond a Rule 12(b)(6) motion." *Safeguard Mutual Ins. Co. v. Miller,* 472 F.2d 732, 734 (3rd Cir.1973). Moreover, even if defendants were entitled to absolute immuni-

ty here, in order to succeed on the merits of the motion to dismiss, the existence of absolute immunity must be clearly indicated from the face of the complaint. *Wilson,* 878 F.2d at 776. No such defense is indicated by plaintiff's allegations in this case.

Notwithstanding defendants' lack of absolute immunity, plaintiff still has not alleged sufficient facts to state a claim for violations of section 1983 by defendants.[2] In order to state a claim under section 1983, plaintiff must show that defendants "participated in, or had knowledge of and acquiesced in the alleged unlawful conduct." *Orrs,* 1993 WL 418361, at 1 (citations omitted). Further, "plaintiff must set forth facts showing that each named defendant was personally involved in the alleged deprivation of his civil rights." *Id.* The complaint must also contain an allegation of a direct causal link between the alleged constitutional deprivations and the official conduct by defendants causing the deprivations. *Prochaska v. Fediaczko,* 473 F.Supp. 704, 708 (W.D.Pa.1979).

▪ From a thorough reading of the complaint, there is no indication that the alleged acts of defendants in filing a false pre-sentence report caused any constitutional deprivation. Although plaintiff alleges various constitutional deprivations in the three counts of the complaint, there are no facts specifying which deprivation, if any, defendants caused. In his response to the motion to dismiss, plaintiff appears to state that defendants have violated his Sixth Amendment right to confrontation. However, even though plaintiff is not held to the stringent pleading standards that an attorney is, he still must state sufficient facts in order for the court to ascertain there is an adequate basis for the relief he is seeking. Since plaintiff has not satisfied the requirement of causation in *Prochaska,* he therefore fails to

---

2. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C. § 1983 (1981).

state a claim for violations of section 1983 against defendants Hamel and Samodelov.

### C. Section 1985

Defendants next argue that the complaint fails to state a claim against them for violations of section 1985(3) because there are no factual allegations that these defendants conspired to violate plaintiff's rights.[3] In order to state a cause of action for violations of this section, the following must be alleged:

> 1) a conspiracy by the defendants; 2) designed to deprive plaintiff of the equal protection of the laws; 3) the commission of an overt act in furtherance of that conspiracy; 4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and 5) defendant's actions were motivated by a racial or otherwise class-based invidiously discriminatory animus.

*Carter F—3999 v. Cuyler,* 415 F.Supp. 852, 857 (E.D.Pa.1976) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)); *Whetzler v. Krause,* 411 F.Supp. 523, 528 (E.D.Pa.1976), *aff'd,* 549 F.2d 797 (3rd Cir.1977).

■ As defendants correctly state, there is no claim against them for violations of section 1985(3) because plaintiff has not alleged any facts which would demonstrate there was a conspiracy between Hamel and Samodelov, or between one of the defendants and any other person. Although plaintiff argues that "through an on-going entwinement with other officials of Montgomery County, who in concert with the aforementioned defendants,

have systematically disregarded any and all of the plaintiff's rights to challenge any information or reports concerning plaintiff's state trial," he has not adequately plead this in the complaint. As such, plaintiff fails to state a claim for violations of section 1985(3) against defendants Hamel and Samodelov.

### D. Section 1986

Defendants next argue that there is no claim against them for violations of section 1986. Section 1986 states in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case ...

42 U.S.C. § 1986 (1981).

■ Defendants' argument is correct for two reasons. First, since plaintiff has failed to state a claim against defendants for violations of section 1985, *a fortiori,* a claim under section 1986 cannot exist. *Marino v. Bowers,* 483 F.Supp. 765, 769 (E.D.Pa.1980), *aff'd,* 657 F.2d 1363 (3rd Cir.1981) (citations omitted); *J.D. Pflaumer, Inc. v. United States Dept. of Justice,* 450 F.Supp. 1125, 1131 (E.D.Pa.1978).

---

**3.** While plaintiff has not specifically stated under which subsection of section 1985 he is bringing suit, it is apparent that only section 1985(3) is applicable. This section provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a

legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. 42 U.S.C. § 1985(3) (1981).

■ Second, although it is not clear from the complaint, plaintiff is precluded from bringing this claim even if he had adequately stated a claim under section 1985. Plaintiff admits he has waited more than one year after the cause of action accrued in which to commence this action. This violates the specific language of the statute which states "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986 (1981). While plaintiff states "extraordinary circumstances" as to why he filed his claim at the "first available opportunity," it is clear from the language of the statute that it does not provide for tolling of the statute of limitations. *See Aiken v. Bucks Ass'n for Retarded Citizens,* Civ.A. No. 91–2672, 1991 WL 243537, at 4 (E.D.Pa. Nov. 15, 1991). As such, plaintiff's claim for violations of section 1986 by defendants Hamel and Samodelov is dismissed with prejudice.

### E. Section 1997d

■ Finally, defendants argue that there are no facts in the complaint supporting plaintiff's claim under section 1997d because there are no allegations that plaintiff reported any conduct prohibited by that section to anyone, or that he was retaliated against for making such a report. Section 1997d prohibits retaliation against persons who have reported conditions which constitute a violation of section 1997. Section 1997 prevents incarcerated persons from being exposed to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured by the Constitution or laws of the United States." 42 U.S.C. § 1997a(a). Plaintiff inartfully submits in his response that his claim "arises from threats of abandonment in Supreme Court appeal and unlawful transfer to various institutions to disrupt plaintiff's efforts to exonerate himself" and that this stems from defendants' deliberate conduct in filing the false presentence report. Nonetheless, the complaint still fails to assert any facts showing that plaintiff made any report or that defendants retaliated against plaintiff for making such a report. Thus, plaintiff's section 1997d claim

against defendants Hamel and Samodelov is dismissed.

### II. Motion for more definite statement, to dismiss and to stay proceedings

Defendants Gerber, Glammer, Armstrong and Dickerson, all being sued in their capacity as attorneys in the public defender's office of Montgomery County, now move to dismiss plaintiff's claims of violations of sections 1986 and 1997d, as well as claims of libel, slander, malicious prosecution and wanton, willful and oppressive conduct by defendants. They further move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure regarding plaintiff's claims of conspiracy in violation of sections 1983 and 1985. Finally, they seek to stay the proceedings in this Court pending the outcome of plaintiff's appeal of his criminal conviction in state court.

### A. Request for a more definite statement

■ Defendants now request a more definite statement regarding plaintiff's claims of violations of sections 1983 and 1985 because plaintiff does not adequately allege facts showing any conspiracy by defendants. In order to state a claim for violations of section 1983, two essential elements must be alleged. First, the conduct complained of must be committed by someone acting under color of state law; and second, as a result of this conduct, plaintiff was deprived of his rights, privileges or immunities secured by the Constitution or the laws of the United States. *Cohen v. City of Philadelphia,* 736 F.2d 81, 83 (3rd Cir.1984), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). It is clear that public defenders do not constitute state actors, however, if they conspire with state officials to deprive a person of his rights, they are constructively deemed to be state actors for purposes of section 1983. *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Flowers v. Marino,* No. CIV.A. 93–1212, 1993 WL 331825, at 3 (E.D.Pa. Sept. 2, 1993).

■ In the case at bar, plaintiff has not adequately plead his claim of conspiracy in order to state a cause of action under

section 1983. While plaintiff alleges that defendants "conspired to deprive plaintiff of his constitutionally guaranteed right to be present at his suppression hearing" and further states that defendants "were entwined in concert, to preclude plaintiff from his suppression hearing," plaintiff does not aver any facts showing that defendants conspired with any state officials to deprive him of his rights. Complaint, paras. 27, 39. However, plaintiff does state that his right to a fair and impartial trial has been violated through defendants' actions in that he was denied the right to cross examine, confront and challenge evidence and witnesses. Because plaintiff's allegations show that there may be enough evidence in which to state a claim under section 1983, we will grant defendants' motion for a more definite statement with regard to that claim.

■ We also grant the motion with respect to the claim under section 1985(3). While defendants claim that plaintiff has not adequately set out a claim for conspiracy, in that the mere words "conspiracy" and "acting jointly in concert" are not specific enough, given the liberal pleading standards this Circuit allows *pro se* plaintiffs, we think the above portions of the complaint adequately set forth a claim of conspiracy by the defendants.

■ However, it is not clear that plaintiff has adequately plead all of the other elements necessary to state a claim under this section. Under a liberal reading of the complaint, plaintiff's allegations appear to satisfy all of the elements for a claim under section 1985(3) except for the element that defendants were motivated by a racial or otherwise class-based invidiously discriminatory animus. Plaintiff has alleged a conspiracy which was designed to prevent plaintiff of equal protection under the laws. He states that a conspiracy existed between the defendants because they refused to allow him to participate in all of his legal proceedings, despite his request that all of the attorneys be removed from his case. Complaint, para. 39. He further alleges that defendants also denied him effective assistance of counsel because they replaced each other during the course of representing plaintiff, and there-

fore, created a conflict of interest. Complaint, para. 29. Plaintiff also claims that defendants confiscated certain evidence from him which was useful for his defense, and that they failed to use it. Complaint, para. 31. As a result of these actions, he claims he has suffered "wrongful imprisonment, slander, libel, loss [sic] income, malicious prosecution, family disruption, weight loss, nightmares, mental anguish, anxiety attacks and unmeasurable stress, from their actions, being malicious, wanton and oppressive." Complaint, para. 41. He has thus alleged acts in furtherance of the conspiracy, as well as damages. However, the complaint is completely devoid of any allegation as to how defendants were motivated, whether it was by a racial or an otherwise class-based invidiously discriminatory animus. As such, we will grant defendants' request for a more definite statement regarding plaintiff's 1985(3) claim.

### B. *Motion to dismiss*

Defendants first argue that plaintiff's section 1986 claim should be dismissed because plaintiff failed to file his claim within one year after his cause of action accrued. Plaintiff states he was not aware that his cause of action had accrued because of the misrepresentation of defendants. However, for the reasons stated previously, plaintiff's claim under section 1986 must be dismissed with prejudice as to defendants Glammer, Gerber, Armstrong and Dickerson.

Defendants also argue that there are no facts in which to state a claim for a violation of section 1997d by defendants. Plaintiff argues that the basis for his claim is that defendant Dickerson threatened to abandon plaintiff and inferred that plaintiff would be transferred to a prison farther away from home. Again, however, there are no such facts of this contained in the complaint, and further, no facts evidencing that plaintiff ever reported any violations of section 1997. As such, this claim will also be dismissed against defendants Glammer, Gerber, Armstrong and Dickerson.

Finally, defendants also move to dismiss plaintiff's claims of slander, libel, malicious prosecution and malicious, wanton and op-

pressive acts by them. However, as previously stated, plaintiff only makes these claims as evidence of damages contained within his count III of the complaint, which appears to be a cause of action for either section 1983 or 1985(3). As it does not appear that plaintiff intends to state these as claims against defendants, we need not address defendants' arguments with respect to these claims. In so stating, however, this Court agrees with defendants that plaintiff has not set forth any facts showing that defendants slandered or libeled plaintiff, nor that they acted maliciously, wantonly and oppressively, or committed malicious prosecution.

## C. Stay of proceedings

 Finally, defendants request that this Court stay plaintiff's claims of violations of sections 1983 and 1985(3) because plaintiff has filed an appeal which is currently pending in Pennsylvania Superior Court. Defendants cite *Bailey v. Ness*, 733 F.2d 279 (3rd Cir.1984) as authority for this proposition. In *Bailey*, the Third Circuit held that federal courts should stay proceedings which arise out of claims of violations of section 1983 and section 1985(3) in connection with state criminal proceedings, at least while the state court conviction was being appealed. The purpose behind this rule was to avoid misinterpreting state law regarding collateral estoppel, because there is a split of authority among Pennsylvania courts regarding whether a judgment is final for collateral estoppel purposes when there has been an appeal. By staying the action until final disposition of the case in all available state courts or until the appeals are time-barred in state court, the federal courts also preserve plaintiff's right to bring suit in federal court without the possibility of the statute of limitations running. If, however, the appeal is affirmed and the cause of action in state court is the same as the cause of action in federal court, then plaintiff is estopped from bringing suit. *Rumbaugh v. Chandler*, Civ.A. No. 90–5418, 1991 WL 169046, at 5 (E.D.Pa. Aug. 27, 1991).

From the record in this case, it is impossible to tell whether an appeal has been filed by plaintiff in state court, and if so, what the outcome of the appeal was. Further, although plaintiff states "the aforementioned appeal was denied on August 3, 1993 and filed on August 11, 1993," we still do not have enough information to determine whether or not there has actually been an appeal. As such, we will not stay the action at this point in time, unless in the future the parties provide us with some evidence that an appeal in state court is pending.

However, there still exists the difficult issue of whether plaintiff can collaterally attack his state court conviction through this action. It would appear that, as long as the state court conviction remains valid, plaintiff may be estopped from doing so, at least inasmuch as he will be prevented from recovering compensatory damages for his "wrongful imprisonment" or incarceration. *See Flowers v. Marino*, No. CIV.A. 93–1212, 1993 WL 331825, at 4 (E.D.Pa. Sept. 2, 1993) (plaintiff's civil rights complaint arising out of his state court conviction was allowed to be docketed, filed and served on defendants who were public defenders, although court noted plaintiff would likely be estopped from collaterally attacking his conviction). As such, "it is doubtful that plaintiff will be entitled to any damages, other than nominal, even if completely successful in proving all of his allegations." *Id.*

In any event, the defendants have only asked that this case be stayed pending the outcome of plaintiff's appeal in Pennsylvania Superior Court. Hence, given the uncertain state of the record, we are not in a position to decide whether or not collateral estoppel applies in this case, nor have the parties had a full opportunity to brief this difficult issue. Therefore, as previously stated, we will allow the case to proceed, however, nothing in this memorandum or order shall prevent defendants from raising the issue of collateral estoppel at a later point in this litigation.

## III. Conclusion

In sum, plaintiff's claims under sections 1983, 1985(3) and 1997d against defendants Hamel and Samodelov are dismissed, however, given plaintiff's *pro se* status, he shall have thirty days in which to amend his com-

plaint in order to satisfy the pleading requirements of those sections. *See Blassingale v. Administration at Suburban Gen. Hosp.*, No. Civ.A. 93–2601, 1993 WL 451491 at 1 (E.D.Pa. Nov. 3, 1993). Plaintiff's section 1986 claim is dismissed against defendants Hamel, Samodelov, Gerber, Glammer, Armstrong and Dickerson with prejudice. Plaintiff's claim of violations of section 1997d is also dismissed against defendants Glammer, Gerber, Armstrong and Dickerson, with thirty days leave to amend his complaint. Plaintiff is also directed to provide a more definite statement within thirty days as to his claims of violations of sections 1983 and 1985(3) by defendants Glammer, Gerber, Armstrong and Dickerson. Finally, defendants' request for a stay of proceedings will be denied at this juncture. An appropriate order follows.

### ORDER

AND NOW, this 9th day of December, 1993, upon consideration of the motion of defendants Hamel and Samodelov to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the motion of defendants Gerber, Glammer, Armstrong and Dickerson to dismiss, for a more definite statement and to stay the action pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and plaintiff's responses thereto, it is hereby ORDERED:

1. that the motion of defendants Hamel and Samodelov to dismiss is GRANTED, and

2. Plaintiff's claims of violations of 42 U.S.C. §§ 1983, 1985(3) and 1997d by defendants Hamel and Samodelov are DISMISSED without prejudice, and

3. Plaintiff's claim of violations of 42 U.S.C. § 1986 against defendants Hamel, Samodelov, Gerber, Glammer, Dickerson and Armstrong is DISMISSED with prejudice, and

4. that the motion of defendants Gerber, Glammer, Armstrong and Dickerson for a more definite statement as to plaintiff's section 1983 and section 1985(3) claims is GRANTED;

5. that the motion of defendants Gerber, Glammer, Armstrong and Dickerson to dis-

miss plaintiff's claim for violations of section 1997d is GRANTED and such claim is DISMISSED without prejudice, and

6. that the motion of defendants Gerber, Glammer, Armstrong and Dickerson to stay the proceedings is DENIED.

7. It is FURTHER ORDERED that plaintiff shall have thirty (30) days from the entry date of this Order in which to amend his complaint and to provide a more definite statement in compliance with this Order.