Ranaldo JOHNS, Plaintiff,

v.

The HOME DEPOT U.S.A., INC. et al., Defendants.

No. 03 Civ. 4522(DC).

United States District Court, S.D. New York.

April 21, 2004.

---

Ranaldo Johns, Bronx, NY, Plaintiff Pro Se.

Morgan, Lewis & Bockius LLP, by Debra Morway, Jami Schultz, New York City, for Defendant Home Depot U.S.A., Inc.

## MEMORANDUM DECISION

CHIN, District Judge.

Pro se plaintiff Ranaldo Johns brings this action against defendant Home Depot U.S.A., Inc. ("Home Depot") and several individual Home Depot employees alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1981, intentional infliction of emotional distress, negligent infliction of emotional distress, libel, slander, and violation of the Fourth Amendment. Plaintiff has already filed an amended complaint as of right and now seeks leave to file a second amended complaint, pursuant to Fed.R.Civ.P. 15(a), to add defendants and claims based on 42 U.S.C. §§ 1983, 1985(2), and 1986 and the New York state constitution. For the reasons set forth below, plaintiff's motion is denied.

## STATEMENT OF THE CASE

### I. Facts

Plaintiff was employed at the Home Depot store at 55 Wayman Avenue in New Rochelle, New York from July 7, 1999 until his discharge on February 6, 2002. (Am.Compl. ¶¶ 20, 51).[1] On October 1, 2001, plaintiff filed a complaint with the New York State Division of Human Rights against Home Depot and various of its employees alleging racially discriminatory promotion practices in violation of Title VII. (Prop.Sec.Am.Compl., Exh. D).[2]

On January 30, 2002, plaintiff became involved in an argument with defendant Mahan Jobie, another Home Depot employee, at the New Rochelle Home Depot store. (Am. Compl. ¶¶ 39–42). According to plaintiff, after the incident, he "unintentionally kicked a small end cap of light bulbs before leaving the building in tears." (*Id.* ¶ 44). Plaintiff also told the store's assistant manager that he wanted to file a harassment complaint and

said he "had enough, this can no longer be tolerated, its [sic] too much." (*Id.* ¶ 45).

On February 4, 2002, plaintiff received a letter dated February 1, 2002, from proposed defendant Michael Ippolito, Home Depot Associate Relations Manager of the Mid–Atlantic Division. (Prop.Sec.Am.Compl. ¶ 20). The letter notified plaintiff that Ippolito was "looking into allegations concerning" the New Rochelle store. (*Id.*, Exh. G). It further stated, "Your input is appreciated prior to concluding the matter. Please do not report to the store until these allegations have been reviewed." (*Id.*). Ippolito noted in the letter that "numerous attempts to contact [plaintiff] had been unsuccessful." (*Id.*).

On February 5, 2002, Ippolito told plaintiff over the telephone to return to the Home Depot store on February 6, 2002 at 9:00 a.m. to speak with defendant Yvette Williams, Home Depot store manager. (Am.Compl. ¶¶ 11, 50).

On February 6, 2002, plaintiff attended a meeting with Williams as instructed. (*Id.* ¶¶ 51–52). Williams explained to plaintiff that he was being dismissed because his conduct during the January 30, 2002 incident violated the company's "zero tolerance policy." (*Id.* ¶ 51).

According to plaintiff's Termination Notice, dated February 5, 2002, plaintiff was involved in a "confrontation" with another Home Depot associate on January 30, 2002, during which plaintiff threateningly stated to the other associate that he could "make one phone call and take care of it." (*Id.*, Exh. J). It also stated that plaintiff had admitted to "shov[ing] company equipment with [his] foot and kick[ing] over a display of light bulbs as [he] exited the store that day." (*Id.*). The Notice stated that plaintiff's conduct "violate[d] [Home Depot's] policy on workplace violence." (*Id.*). Plaintiff and Williams signed and dated the Notice on February 6, 2002.

---

1. References to "Am. Compl." are to the first Amended Complaint filed on September 26, 2003.

2. References to "Prop. Sec. Am. Compl." are to plaintiff's proposed second amended complaint, received by the Pro Se Office of this Court on March 15, 2004.

Three officers of the New Rochelle Police Department stood outside Williams's office, took the cup of coffee plaintiff was holding, and escorted plaintiff to the parking lot where his car was parked. (*Id.* ¶¶ 52–53; Prop. Sec. Am. Compl. ¶ 79). Plaintiff alleges that "[u]nder threat, duress and coercion," he allowed the police officers to search his car. (Am. Compl. ¶ 56; Prop. Sec. Am. Compl. ¶ 79). The police report stated that the search produced "neg. results" and that plaintiff left the area "without incident." (Prop.Sec.Am.Compl., Exh. H).

Two weeks after plaintiff's termination, plaintiff received a copy of a New Rochelle Police Department Incident Report based on a complaint by Williams on February 6, 2002. (Am.Compl., Exh. G). According to the report, Williams said that plaintiff had threatened in the past that "[h]e had a gun and was going to shoot the place up." (*Id.*). Williams also stated that plaintiff "might become violent and requested [the police officers] to stand by during this time." (*Id.*). The report stated that the police officers asked plaintiff for permission to search his car due to past threats he had reportedly made. (*Id.*). Plaintiff denied making "those threats." (*Id.*).

In a letter to the Westchester County District Attorney's office, dated April 23, 2002, plaintiff alleged that Home Depot employees had filed false police reports in retaliation for his pending claim with the New York State Division of Human Rights. (Prop.Sec.Am. Compl., Exh. K). Plaintiff also alleged that, as a result of the police reports, he was being followed and investigated by the police. (*Id.*). Plaintiff received, in response, a letter from the District Attorney's office stating that plaintiff's letter and the issues raised therein had been reviewed. (*Id.*, Exh. L). The letter stated that plaintiff's concerns about being followed by the police were "strictly Bronx matters" and suggested plaintiff file a police report at the local precinct. (*Id.*).

## II. *Prior Proceedings*

Plaintiff filed the original complaint in this action on June 23, 2003 naming Home Depot, Home Depot's president, and five employees as defendants and alleging claims based on Title VII, 42 U.S.C. § 1981, and the NYSHRL and for intentional and negligent infliction of emotional distress.

Plaintiff filed an amended complaint on September 26, 2003, as a matter of right, adding three Home Depot employees as defendants and causes of action for libel, slander, and violation of the Fourth Amendment.

Plaintiff filed the instant motion for leave to file a second amended complaint on February 17, 2004, without initially filing a proposed second amended complaint. Home Depot filed a memorandum of law in opposition to plaintiff's motion for leave to file a second amended complaint on March 8, 2004. Plaintiff submitted to this Court's Pro Se Office a proposed second amended complaint on March 15, 2004.

The proposed second amended complaint adds as defendants Home Depot employee Ippolito, the City of New Rochelle, the New Rochelle Police Department, and the Westchester County District Attorney. The second amended complaint includes (1) claims against Home Depot, its employees, the City of New Rochelle, and its police department based on 42 U.S.C. §§ 1983, 1985(2), and 1986 and the New York state constitution's equal protection and search and seizure clauses; and (2) a state equal protection claim against the Westchester County District Attorney.

Plaintiff then filed a memorandum of law in further support of his motion on March 30, 2004.

## DISCUSSION

### I. *Applicable Law*

■ Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend may be denied when (1) the party seeking amendment has unduly delayed; (2) the party seeking amendment is acting in bad faith or with dilatory motive; (3) the amendment would cause undue prejudice to the opposing party; or (4) the amendment is futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir.2002) (citing *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)); *see also DeMaria v. Andersen,* 318 F.3d 170, 182 (2d Cir.2003) (affirming denial of leave to amend because failure to state claim would make amendment futile); *Kropelnicki v. Siegel,* 290 F.3d 118, 131 (2d Cir.2002) (affirming denial of leave to amend because there was "no possible set of facts" that would state claim).

■ A pro se complaint "should not be dismissed without granting leave to amend at least once when such a reading 'gives any indication that a valid claim might be stated.'" *Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir.1999) (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999)); *see also Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002); *Platsky v. CIA,* 953 F.2d 26, 29 (2d Cir.1991). "Thus, while 'futility' is a valid reason for denying a motion to amend, . . . this is true only when it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Id.* (quoting *Ricciuti,* 941 F.2d at 123). Moreover, "[a] pro se plaintiff, particularly one bringing a civil rights action, should be afforded an opportunity fairly freely to amend his complaint." *Holmes v. Goldin,* 615 F.2d 83, 85 (2d Cir.1980).

## II. *Application*

Plaintiff moves for leave to amend the complaint a second time to add Ippolito, the City of New Rochelle, the New Rochelle Police Department, and the Westchester County District Attorney as defendants. Plaintiff also seeks to add claims based on 42 U.S.C. §§ 1983, 1985(2), and 1986 and Article 1 of the New York state constitution. Home Depot opposes only the addition of the §§ 1983, 1985(2) and 1986 claims against Home Depot and Ippolito, on the basis that the amendments would be futile because plaintiff fails to state a claim. Home Depot takes no position on the other proposed amendments.

### A. *Proposed Addition of Claims Against Home Depot and Ippolito Based on 42 U.S.C. §§ 1983, 1985(2), and 1986*

#### 1. *§ 1983*

Plaintiff seeks leave to further amend his complaint to include allegations that Home Depot—through its employees, including Ippolito—violated 42 U.S.C. § 1983 when Home Depot employee Williams "falsely" called the New Rochelle Police Department on February 6, 2002 and "offered a false report" that plaintiff had in the past threatened that "he had a gun and was going to shoot the place up," causing the police officers to escort him to and search his car. (Pl.Mem. 4, 6). Home Depot allegedly acted in retaliation for plaintiff's discrimination complaint against Home Depot filed with the New York State Division of Human Rights. (*Id.* 3–4).

#### a. *Applicable Law*

Section 1983 imposes civil liability upon a party "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983.

■ "A claim under '§ 1983 is aimed at state action and state actors.'" *Liwer v. Hair Anew,* No. 99 Civ. 11117(SAS), 2000 WL 223828, at *2 (S.D.N.Y. Feb. 25, 2000) (citation omitted). "A private individual may be subject to § 1983 liability if that individual willfully collaborated with an official state actor in the deprivation of a federal right." *Bacquie v. City of New York,* No. 99 Civ. 10951(JSM), 2000 WL 1051904, at *1 (S.D.N.Y. July 31, 2000) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)); *see also Dwares v. City of New York,* 985 F.2d 94 (2d Cir.1992); *Alexanian v. New York State Urban Dev. Corp.,* 554 F.2d 15, 16 (2d Cir.1977).

#### b. *Home Depot*

Plaintiff alleges that Home Depot acted "under color of state law" to deprive him of his rights, privileges, or immunities in violation of 42 U.S.C. § 1983. (Prop. Sec. Am. Compl. ¶ 78; *see also* Pl. Mem. 4). Plaintiff specifically alleges that Home Depot engaged in state action by involving the New Rochelle Police Department in its purportedly retaliatory conduct toward plaintiff. (Pl. Mem. 6; Prop. Sec. Am. Compl. ¶¶ 78, 84, 104). Williams, on behalf of Home Depot, called the New Rochelle Police Department on February 6, 2002, lodged a complaint against plaintiff, and "caused" the police officers to escort plaintiff to the parking lot and search his car. (Pl. Mem. 3–6; Prop. Sec. Am. Compl. ¶¶ 61–63, 65, 70, 74, 79, 82–83, 93).

■ Even assuming that plaintiff proved the allegations set forth in his proposed second amended complaint and memorandum of law, such facts would fail to support his amended claim against Home Depot under § 1983. Williams's call to the police does not amount to "willful collaboration" giving rise to § 1983 liability. *See Liwer*, 2000 WL 223828, at * 2 ("Even assuming, arguendo, that defendant called the police for assistance, this does not mean that defendant so closely aligned itself with state actors as to come within the purview of § 1983. . . . Where a private person merely seeks the assistance of the police to quell a disturbance, the private party is not 'jointly engaged' in the police officer's conduct so as to render it a state actor under § 1983."); *see also Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir.1999) (affirming dismissal of § 1983 claim based on lack of evidence that defendant, who called police for assistance regarding disturbance by customer, engaged in joint action with police officer pursuant to "an agreement or plan").

Assuming, arguendo, that Williams's call caused plaintiff's detainment by the New Rochelle police officers, this conduct would similarly fall short of § 1983's state action requirement. *See Newman v. Bloomingdale's*, 543 F.Supp. 1029, 1029 (S.D.N.Y.1982) (holding that police's arrest and detention of plaintiff based on defendant store personnel's oral complaint was not "state action"). Moreover, even assuming Williams had supplied the police with false information, plaintiff would still fail to state a claim. *See Kahermanes v. Marchese*, 361 F.Supp. 168, 171 (E.D.Pa. 1973) ("The deliberate giving of false information by an individual to a police officer to cause the arrest of another does not give rise to a cause of action under the Civil Rights Acts.").

Based on plaintiff's proposed amendments, I conclude that plaintiff could prove no set of facts to support his claim against Home Depot under § 1983. Accordingly, plaintiff's amendment would be futile. Plaintiff's motion as to this claim is denied.

#### c. *Ippolito*

Plaintiff alleges that Ippolito violated 42 U.S.C. § 1983 as a "concerted actor" with the New Rochelle Police Department and Williams. (Pl. Mem. 4; *see also* Prop. Sec. Am. Compl. ¶ 81). Plaintiff bases his claim on the allegation that Ippolito asked plaintiff to meet with Williams at Home Depot on February 6, 2002. (Pl. Mem. 4; *see also* Prop. Sec. Am. Compl. ¶ 59). Plaintiff claims that Ippolito acted with Williams to falsely report to the police that plaintiff posed a threat. (*Id.* at 4, 7). He suggests that Ippolito's request that plaintiff appear at Home Depot on February 6, 2002 undermines Williams's report to the police department that plaintiff had made threatening statements. (*Id.*).

Plaintiff, however, wholly fails to allege any collaboration between Ippolito, as a private party, and any state actor. Even assuming that Ippolito knew that the New Rochelle police offers would be at Home Depot on February 6, 2002, such knowledge would be insufficient to establish "willful collaboration" with the police department, as even Williams's more direct alleged involvement falls short of the state action requirement. Based on the proposed amended complaint and plaintiff's motion papers, I conclude that plaintiff can prove no set of facts to support a § 1983 claim against Ippolito. Plaintiff's motion as to the § 1983 claim against Ippolito is denied.

## 2. § 1985(2)

Plaintiff also seeks leave to further amend his complaint to include a claim that Home Depot and Ippolito violated 42 U.S.C. § 1985(2). Plaintiff alleges that Home Depot and Ippolito conspired with the New Rochelle Police Department to deny plaintiff "the equal protection of the laws" or "to injure him or his property for lawfully enforcing, or attempting to enforce" his rights pursuant to Title VII when he filed a complaint with the New York State Division of Human Rights. Plaintiff alleges that Home Depot violated his right to "liberty of movement" and his right against "unreasonable search on [sic] [his] private conveyance." (Pl.Mem. 9).

### a. *Applicable Law*

Section 1985(2) provides for recovery in two instances. The first clause of § 1985(2) imposes liability for interference with federal judicial proceedings, arising when:

> [T]wo or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror.

42 U.S.C. § 1985(2); *see Kimble v. D.J. McDuffy, Inc.,* 454 U.S. 1110, 1110, 102 S.Ct. 687, 70 L.Ed.2d 651 (1981) ("The first part of 42 U.S.C. § 1985(2) . . . creates a private right of action for damages based on certain forms of interference with federal judicial proceedings.") (White, J., dissenting from denial of certiorari); *Neustein v. Orbach,* 732 F.Supp. 333, 343 (E.D.N.Y.1990) (holding that first half of Section 1985(2) imposes liability for interference with federal judicial proceedings); *see also Altschuler v. University of Pennsylvania Law School,* No. 95 Civ.

249, 1997 WL 129394, at *17 (S.D.N.Y. Mar. 21, 1997) ("Section 1985(2) provides a private right of action to recover for damages from certain kinds of interference with federal and state judicial proceedings"); *Kirkland v. Rosen,* No. 91 Civ. 7609(MGC), 1992 WL 322013, at *3 (S.D.N.Y. Oct. 28, 1992) (same).

The second clause imposes liability for interference with state judicial proceedings, arising when:

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2); *see Kimble,* 454 U.S. at 1110, 102 S.Ct. 687; *Herrmann v. Moore,* 576 F.2d 453, 457–58 (2d Cir.1978) ("§ 1985(2) clause 2 applies only to conspiracies with respect to judicial proceedings in a State or Territory"); *Neustein,* 732 F.Supp. at 344 ("The second half of Section 1985(2) . . . creates a similar cause of action for interference with state judicial proceedings."); *Mahoney v. National Organization for Women,* 681 F.Supp. 129, 135 (D.Conn. 1987) (same); *see also Altschuler,* 1997 WL 129394, at *17; *Kirkland,* 1992 WL 322013, at *3.

### b. *Home Depot*

■ Plaintiff appears to argue that Home Depot conspired with the New Rochelle Police Department in violation of the second clause of Section 1985(2). Nowhere in his moving papers or proposed second amended complaint, however, does plaintiff allege that Home Depot engaged in any conduct that interfered with any state judicial proceedings involving plaintiff. Plaintiff's proposed amendments clearly show that he can prove no set of facts that would support his claim against Home Depot pursuant to § 1985(2). Accordingly, amendment to include this claim would be futile.

Even assuming that plaintiff were actually seeking leave to amend his complaint to pursue a claim against Home Depot based on the first clause of Section 1985(2), plaintiff's effort would be similarly futile, as nowhere does plaintiff allege that Home Depot interfered with any federal proceeding involving plaintiff. Plaintiff's motion is denied as to the § 1985(2) claim against Home Depot.

### c. *Ippolito*

Plaintiff bases his claim that Ippolito violated 42 U.S.C. § 1985(2) on Ippolito's February 1, 2002 letter to plaintiff regarding the investigation of the January 30, 2002 incident and Ippolito's February 5, 2002 telephone call with plaintiff requesting him to meet with Williams the next day. (Pl. Mem. 8; *see also* Prop. Sec. Am. Compl. ¶¶ 57, 59, 81). Plaintiff alleges that Ippolito conspired with Williams and the New Rochelle Police Department to deny plaintiff's constitutional rights. Plaintiff, however, fails to allege that Ippolito interfered with any federal or state judicial proceedings involving plaintiff. Because plaintiff can prove no facts supporting his claim pursuant to 42 U.S.C. § 1985(2), leave to amend his amended complaint to include such a claim is denied.

### 3. *§ 1986*

Plaintiff also seeks to amend his complaint a second time to allege that Home Depot and Ippolito violated 42 U.S.C. § 1986. This amendment would, however, be futile. A violation of § 1986 is predicated on a violation of § 1985, as the former provides a remedy for a violation of the latter. 42 U.S.C. § 1986; *see Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, No. 92 Civ. 3917(LLS), 1994 WL 494902, at *5 (S.D.N.Y. Sept. 9, 1994), *aff'd*, 60 F.3d 810 (2d Cir. 1995); *Levy v. City of New York*, 726 F.Supp. 1446, 1455 (S.D.N.Y.1989); *Patterson v. County of Oneida*, No. 5:00 Civ.1940, 2002 WL 31677033, at *4 (N.D.N.Y. Oct. 30, 2002). Accordingly, because plaintiff can prove no set of facts to support a claim pursuant to 42 U.S.C. § 1985(2), amendment to include a claim pursuant to 42 U.S.C. § 1986 would be futile.

Even assuming the amendment would not be futile, plaintiff's claim would be time-barred. Pursuant to § 1986, "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. The actions of which plaintiff complains occurred most recently in February 2002, at which time plaintiff's claim accrued. *See Powers v. Karen,* 768 F.Supp. 46, 50 (E.D.N.Y.1991) (holding that plaintiff's § 1986 claim accrued when action of which plaintiff complained occurred).

Regardless of whether the proposed amendment relates back to the filing of the original complaint, plaintiff's § 1986 claim falls well outside of the one-year statute of limitations. 42 U.S.C. § 1986; *see* Fed. R.Civ.P. 15(c). Moreover, the statute does not provide for tolling of the statute of limitations. *Smith v. Orange County*, No. 87 Civ. 3370(RJD), 1995 WL 405018, at *1 (E.D.N.Y. June 27, 1995) ("no tolling provisions can apply to the Section 1986 claim"); *Bieros v. Nicola*, 839 F.Supp. 332, 337 (E.D.Pa.1993) ("While plaintiff states 'extraordinary circumstances' as to why he filed his claim at the 'first available opportunity,' it is clear from the language of the statute that it does not provide for tolling of the statute of limitations."). Accordingly, plaintiff's motion is denied as to the § 1986 claims against Home Depot and Ippolito.

### B. *Remaining Proposed Amendments*

Plaintiff additionally seeks leave to amend the amended complaint to add (1) New York state constitutional claims against Home Depot alleging equal protection violations and unreasonable search and seizure; (2) equal protection, due process, and unreasonable search and seizure claims against the City of New Rochelle and the New Rochelle Police Department based on the New York state constitution and 42 U.S.C. §§ 1983, 1985(2), and 1986; and (3) a state constitution equal protection claim against the Westchester County District Attorney for failure to investigate plaintiff's allegations of false police reports filed by Home Depot. Plaintiff's motion for leave to amend the amended

complaint as to these claims is denied, for clearly any such claims would be futile.

■ Plaintiff's state and federal due process and unreasonable search and seizure claims would be futile because, even under plaintiff's own version of the facts, the police officers had sufficient cause to escort plaintiff out of the store and ask for permission to search his car. Moreover, even according to plaintiff, Williams told the police that plaintiff had threatened violence and use of a gun.[3]

In addition, for the reasons stated above, plaintiff clearly cannot state claims pursuant to §§ 1985(2) and 1986. *See* Discussion, Part II(A)(2),(3), *supra*. Accordingly, these claims against the City of New Rochelle and the New Rochelle Police Department would be futile.

■ Plaintiff's federal and state equal protection claims against the City of New Rochelle, the New Rochelle Police Department, and the Westchester County District Attorney are similarly unavailing. Based on the proposed second amended complaint, plaintiff cannot prove any facts supporting a claim that the City of New Rochelle or its police department intentionally discriminated against plaintiff on the basis of his membership in a protected class when the police officers escorted him out of the store and searched his car. *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir.1999) ("To state a claim for an equal protection violation, appellants must allege that a government actor intentionally discriminated against them on the basis of race, national origin or gender.").[4] Moreover, nowhere does plaintiff allege that the Westchester County District

Attorney's failure to investigate plaintiff's false police report allegations further arose from prohibited discrimination. In fact, the District Attorney's letter clearly states that plaintiff's allegations had been reviewed and fell outside of the District Attorney's purview. (Prop.Sec.Am.Compl., Exh. L).

Lastly, plaintiff's state equal protection claim against Home Depot would be futile because, as set forth above, plaintiff's allegations would be insufficient as a matter of law to establish state action by Home Depot.[5]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend his amended complaint is denied. Plaintiff shall proceed on the first amended complaint. Defendants may serve and file motions for summary judgment by May 19, 2004. Plaintiff may file and serve opposition papers by June 16, 2004. Defendants may reply by June 30, 2004.

SO ORDERED.

---

3. Due process and search and seizure rights under the New York state and United States constitutions are coextensive with one another. *See Coakley v. Jaffe*, 49 F.Supp.2d 615, 628 (S.D.N.Y. 1999) ("the New York State Constitution's guarantee[] of ... due process [is] virtually coextensive with those of the U.S. Constitution.... [A]ccordingly, the conclusion ... that the plaintiffs' federal ... due process rights were not violated dictates the conclusion that the plaintiffs' parallel right under the state constitution were also not infringed"); *Nocera v. New York City Fire Comm'r*, 921 F.Supp. 192, 196 n. 1 (S.D.N.Y.1996) (holding that same standard applies to unreasonable search and seizure claims under both United States and New York state

constitutions); *Burka v. New York City Transit Auth.*, 739 F.Supp. 814, 832 (S.D.N.Y.1990) (same).

4. The New York state constitution's equal protection guarantee is "coextensive" with that of the United States Constitution. *Coakley*, 49 F.Supp.2d at 628.

5. On reply, plaintiff requests that the Court impose sanctions upon counsel for Home Depot for "misapplying and throwing together irrelevant case citations" in its opposition papers. (Pl. Reply 11). Plaintiff's request is denied.